UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK BROWN,<br><br>            Plaintiff,<br><br>    v.<br><br>RICK HILL, et al.,<br><br>            Defendants. | No. 2:14-cv-0452-MCE-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.    Request to Proceed In Forma Pauperis**

His application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

1  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
2  relief may be granted," or "seeks monetary relief from a defendant who is immune from such
3  relief." *Id.* § 1915A(b).

4       A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
5  of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and
6  plain statement of the claim showing that the pleader is entitled to relief, in order to give the
7  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
8  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
9  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
10 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S.
11 Ct. 1937, 1949 (2009).

12      To avoid dismissal for failure to state a claim a complaint must contain more than "naked
13 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
14 action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of
15 a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*,
16 129 S. Ct. at 1949.

17      Furthermore, a claim upon which the court can grant relief must have facial plausibility.
18 *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual
19 content that allows the court to draw the reasonable inference that the defendant is liable for the
20 misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a
21 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
22 *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to
23 the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

24 **III.   Screening Order**

25      Plaintiff alleges that defendants Hill, Ostrom, and Albin imposed a race-based lockdown
26 on March 8, 2012 that caused him to be confined to his cell for 23 hours a day. He does not
27 allege how long the lockdown lasted. He claims he was subject to the lockdown because he was
28 incorrectly identified as a gang member. Thus, it is not clear whether the lockdown was actually

1    race-based, or instead based on gang-affiliation.  Plaintiff also claims that the documents falsely
2    identifying him as a gang member amount to slander.  He further claims that the lockdown was
3    some form of retaliation, and that the "slander" was also in retaliation for his filing of a grievance
4    regarding the lockdown.  It is unclear how the allegedly slanderous statement that plaintiff was a
5    gang member could have been made in retaliation for plaintiff's filing of a complaint regarding
6    the lockdown, given plaintiff's representation that he was locked down *because* of the
7    purportedly false identification of him as a gang member.   Plaintiff also alleges that defendants
8    Hill, Ostrom, Most, Albin, Allen, and Lozano denied his administrative appeal.
9           Having reviewed plaintiff's complaint pursuant to § 1915A, the court finds that the
10   allegations are too vague and conclusory to state a cognizable claim for relief.  Although the
11   Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the
12   elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646,
13   649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts
14   which defendants engaged in that support plaintiff's claim.  *Id.*  Because plaintiff fails to state a
15   claim for relief, the complaint must be dismissed.
16          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)
17   that a right secured by the Constitution or laws of the United States was violated, and (2) that the
18   alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*,
19   487 U.S. 42, 48 (1988).  An individual defendant is not liable on a civil rights claim unless the
20   facts establish the defendant's personal involvement in the constitutional deprivation or a causal
21   connection between the defendant's wrongful conduct and the alleged constitutional deprivation.
22   *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44
23   (9th Cir. 1978).  Plaintiff may not sue any official on the theory that the official is liable for the
24   unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948
25   (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must
26   plead that each Government-official defendant, through the official's own individual actions, has
27   violated the Constitution."  *Id.*
28   /////

There are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on defendants simply because they played a role in processing plaintiff's inmate appeals. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment . . . . Thus, defendants' failure to process any of Buckley's grievances, without more, is not actionable under section 1983." (internal quotations omitted)).

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim v. Cry*, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009). If plaintiff intends to assert a retaliation claim, he must specifically identify the protected conduct and the individual defendant responsible for the retaliation.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). To show a violation of the Eighth Amendment, plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*,

503 U.S. 1, 9 (1992). Lack of outdoor exercise for extended periods of time can be sufficiently serious to amount to a deprivation of the "minimal civilized measure of life's necessities." *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993).

Negligence does not amount to a violation of a federal constitutional or statutory right. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety[.]"); *see also id.* at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence.").

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *see Johnson v. California*, 543 U.S. 499, 515 (2005) (holding strict scrutiny should be applied to racial classifications in prisons). To state such a claim "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff" based upon his race. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999). However, a policy is suspect on its face when it considers race as a factor, and the inmate need not prove discriminatory intent. *Walker v. Gomez*, 370 F.3d 969, 973-74 (9th Cir. 2004).

To the extent plaintiff intends to allege a defamation claim based on the allegedly slanderous statement that plaintiff is a gang member, he is hereby informed that defamation is a state-law cause of action rather than a claim under the federal Constitution, and a "claim for violation of state law is not cognizable under § 1983." *Cornejo v. County of San Diego*, 504 F.3d 853, 855 n.3 (9th Cir. 2007). Moreover, the California Government Claims Act ("Act") requires that a plaintiff who seeks to prosecute a state tort claim for damages against a state employee first present that claim to the California Victim Compensation and Government Board. Cal. Gov't Code §§ 905, 905.2, 910, 911.2, 911.4, 911.6, 945.4, 950-950.2; *California v. Super. Ct. (Bodde)*, 32 Cal.4th 1234, 1245 (2004). To state a tort claim against a state employee, the plaintiff must allege compliance with the Act's presentation requirement. *Bodde*, 32 Cal.4th at 1245; *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has not pled compliance with the Act's claim presentation requirement

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 4) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: May 6, 2015.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE